**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) JENNIFER SHORT, née JOHNSON, )<br>)<br>Plaintiff,         )<br>)<br>vs.                                 )<br>(1) PORTFOLIO RECOVERY )<br>ASSOCIATES, LLC,          )<br>)<br>)<br>Defendant.    ) | Case No. 15-CV-382-JED-PJC<br><br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff Jennifer Short, née Johnson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### VENUE AND JURISDICTION

1.  This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2.  Venue and personal jurisdiction in this District are proper because the Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

### PARTIES

3.  Plaintiff, Jennifer Short, née Johnson, ("Plaintiff"), is an individual who resides in the Northern District of Oklahoma, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted GE Capital Retail Bank consumer credit card

account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502. It does or transacts business in Oklahoma. Its registered agent and office are The Corporation Service Company, located at 115 SW 89th Street, Oklahoma City, OK 73139. (Exhibit A, Record from Oklahoma Secretary of State).

5. Defendant PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant PRA regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

### FACTS

7. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a GE Retail Capital Bank consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

8. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9. PRA purportedly purchased the alleged debt after default.

10. In response to Defendant's collection activity, Plaintiff sent a letter to PRA on April 24, 2015 notifying it that she disputed the alleged debt. (Exhibit B, Dispute Letter).

11. Specifically, Plaintiff notified PRA that the amount they were reporting was not accurate.

12. On or about April 24, 2015, PRA received Plaintiff's dispute.

13. Plaintiff's letter also stated that she refused to pay the alleged debt.

14. On or about May 4, 2015, PRA mailed a collection letter ("Letter") relating the alleged debt to Plaintiff. (Exhibit C, Collection Letter).

15. The Letter conveyed information regarding the alleged debt, including an account number, the original creditor, and an account balance.

16. The Letter stated that it was a communication from a debt collector.

17. In fact, the Letter was a communication as that term is defined at § 1692a(3) of the FDCPA.

18. The Letter was mailed in connection with the attempt to collect a debt.

19. As Plaintiff had already notified Defendant she refused to pay the alleged debt, the collection letter was sent for purposes of harassment only.

20. 15 U.S.C. § 1692c(c) of the FDCPA provides as follows:

> **(c) Ceasing communication**
>
> **If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . .**
>
> **. . . If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

21. Even though PRA had received notice of Plaintiff's refusal to pay prior to May 4, 2015, PRA communicated with Plaintiff in violation of 15 U.S.C. § 1692c(c) when it sent another collection Letter to Plaintiff.

22. On or about May 7, 2015, PRA communicated credit information regarding the alleged debt to the Equifax consumer reporting agency, including an account number, the original creditor, and a balance. (Exhibit D, Excerpt of Plaintiff's Equifax Credit Report).

23. PRA communicated a balance of $1,728 on the alleged debt to Equifax.

24. PRA failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Equifax regarding the alleged debt on or about May 7, 2015.

25. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

27. On or before May 7, 2015, PRA knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified PRA of that dispute by letter on April 24, 2015.

28. Even though PRA knew or should have known, prior to May 7, 2015, that Plaintiff disputed owing the alleged debt, PRA failed to thereafter communicate the fact of Plaintiff's dispute to the Equifax credit reporting agency when PRA communicated other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

29. Plaintiff experienced emotional distress as a result of Defendant's actions.

30. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard. *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1222 (D. Kan. 2014)

31. The FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." *Johnson v. Riddle,* 305 F.3d 1107, 1117 (10th Cir. 2002).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

33. Defendant PRA sent a prohibited communication when it sent a collection letter to Plaintiff after PRA received notice of Plaintiff's refusal to pay, in violation of 15 U.S.C. § 1692c(c).

34. Defendant PRA communicated false credit information when it failed to communicate the fact of Plaintiff's dispute to the Equifax consumer reporting agency, when it knew or should have known that Plaintiff disputed the alleged debt, when reporting other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

35. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against Defendant as follows:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

**PARAMOUNT LAW**
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net